Trevis DOUGLAS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–0007–CR–466.

Court of Appeals of Indiana.

April 25, 2001.

Alan K. Wilson, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Trevis Douglas (Douglas), appeals his conviction of dealing

in cocaine, a Class A felony. Ind.Code §§ 35–48–4–1(a)(1)(C), (b)(3)(B)(iii).

We affirm.

## ISSUES

On appeal, Douglas raises the following two issues:

1. Whether the trial court properly admitted a police officer's testimony with respect to Douglas' statements to the officer following arrest.

2. Whether the trial court properly admitted the police officer's hearsay testimony about the statements he heard over audio equipment made by a confidential informant with respect to Douglas' arrest.

## FACTS AND PROCEDURAL HISTORY

On August 18, 1999, members of the Muncie Police Department met with a confidential informant to participate in a controlled drug buy from Douglas. Officer Allan Williams of the Muncie Police Department provided the informant with a vehicle equipped with a video camera. The informant also wore a listening device on his person, allowing police officers to hear the conversation between the informant and Douglas. Prior to the drug buy, Officer Williams searched the informant and the vehicle, and found no drugs. During the controlled drug buy, Officer Williams heard the conversation between the informant and Douglas over the listening device. Officer Williams also saw Douglas and the informant exchange items he believed to be cocaine and the money the police had provided to the informant. Following the controlled drug buy, Officer Williams again searched the informant and the vehicle and discovered a plastic bag containing a chunky white substance, later identified as cocaine.

On September 23, 1999, the Muncie Police Department arrested Douglas and charged him with dealing in cocaine, a Class A felony. After Officer Williams had placed Douglas in the police car, he read Douglas his Miranda rights. Douglas informed Officer Williams that he understood his rights and that he wished to talk to Officer Williams. Officer Williams further explained to Douglas that he was being charged with dealing in cocaine, a Class A felony, for the drug deal that took place one month prior to his arrest. Then Douglas informed Officer Williams that he only sold small amounts of cocaine, enough to pay his bills and take care of his family.

At trial, over Douglas' continuing objection, Officer Williams testified about what Douglas had told him following his arrest. Officer Williams further testified, over Douglas' continuing hearsay objection, about what he heard the informant say over the listening device. The trial court overruled both objections.

After the jury trial on June 19 and June 20, 2000, Douglas was found guilty of dealing in cocaine, a Class A felony, and sentenced to forty (40) years imprisonment. Douglas now appeals.

## DISCUSSION AND DECISION

### I. Testimony of Other Crimes

Douglas first argues that the trial court erred by admitting Officer Williams' hearsay testimony that following his arrest, Douglas informed him that he was a continuous drug dealer and supported his family by doing so. Prior to trial, Douglas filed a Request for Motion to Produce, specifically including a request for the prosecutor pursuant to Ind.Evidence Rule 404(b) concerning Douglas' other crimes, wrongs or acts, he intended to present at trial. The Prosecutor replied to Douglas' motion, but failed to notify Douglas of any crimes, wrongs, or acts he intended to introduce at trial. Nevertheless, in his opening statement at trial, the Prosecutor

stated his intent to produce evidence that after his arrest, Douglas told Officer Williams that he sold only small amounts of cocaine, enough to pay his bills and take care of his family. Douglas then filed a Motion in Limine, requesting the trial court to prohibit the Prosecutor from eliciting any testimony from Officer Williams concerning statements made by Douglas after his arrest, because such statements were not an admission by Douglas concerning the present charge, but were inadmissible statements concerning other offenses not charged. The trial court denied Douglas' Motion in Limine, and permitted the State to utilize Officer Williams' testimony with respect to Douglas' statements admitting his drug dealing activities during questioning of the present offense.

At trial, the State called Officer Williams to testify. Officer Williams testified that he arrested Douglas, placed him in the police car, and read him his Miranda rights. Officer Williams further testified that Douglas advised him that he understood his rights and wished to talk to him. The Prosecutor then asked Officer Williams what Douglas said to him. At this point, Douglas objected based upon his previously filed Motion in Limine. The trial court noted and overruled Douglas' continuing objection. Officer Williams then testified about Douglas' statements. Specifically, Officer Williams stated that:

He [Douglas] told me he was, he only sold small amounts of cocaine. Uh, I then talked to him a little bit more. I told him I believed he was selling larger amounts. I believed we had information telling us he was selling larger amounts also. He again stated he just sold small amounts. States [sic] he sold enough to take care of his family and just to pay the bills. Uh, talked to him a little bit more briefly about his cocaine dealings. Uh, he stated his main supplier who he got his cocaine from, had recently left

town. Uh, at no point he never [sic] denied selling cocaine. And at one point he said he was not getting rich by selling.

(R. 373).

Indiana Rule of Evidence 404(b) generally allows evidence of prior misconduct to be introduced unless such evidence is used to imply the defendant is of bad character or to infer the charged crime was committed in conformity with that character. Ind.Evidence Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ A trial court is afforded broad discretion when ruling on the admissibility of evidence. *Moore v. State*, 637 N.E.2d 816, 818 (Ind.Ct.App.1994). Absent a requisite showing of abuse, the trial court's decision will not be disturbed. *Id.*

In the case at hand, the trial court did not abuse its discretion by admitting Officer Williams' testimony with respect to Douglas' statements to him about dealing cocaine. Officer Williams testified that he informed Douglas of his Miranda rights and that he still wished to talk to him. Officer Williams further testified that he informed Douglas that he was being charged with dealing in cocaine for a purchase made one month prior. Thus, the evidence reveals that the State did not introduce Officer Williams' testimony about Douglas' statements about other cocaine dealings to show that Douglas acted in conformity therewith, as prohibited by Evid.R 404(b), but rather, it offered the testimony to show Douglas' intent and motive for dealing in cocaine on the present

occasion. This was not evidence of other crimes, but rather, Douglas' response to Officer Williams' questioning with respect to the present offense.

We therefore find no error in the admission of the evidence of Douglas' other cocaine dealings.

## II. *Hearsay Testimony*

■ Douglas next contends that the trial court improperly permitted Officer Williams to testify that he heard the confidential informant as he was approaching Douglas to purchase cocaine. Specifically, Douglas argues that the admission of such evidence amounted to hearsay because the confidential informant was not called as a witness and Douglas therefore had no opportunity to cross-examine what the confidential informant had said.

During the State's direct examination of Officer Williams, the following colloquy occurred:

ALAN WILSON [Public Defender]: I'm going to object to anything the informant said that they heard over the Kel Set. This is hearsay. They have declined to call the informant. Anything he said is not admissible.

RICHARD REED [Prosecutor]: Judge this is simply background. We're going to offer a video tape in which all of this conversation is right there. It's corpus delecti. It is what the, what is happening at the moment of the offense. And the jury is going to hear all this anyway.

THE COURT: Objection noted and overruled.

Q. Okay, you told us earlier that the informant pulled up there about twenty feet east of the intersection.

A. That is correct, yes sir.

Q. What did you observe then?

A. I observed the informant exit the vehicle on the driver's side. The informant then walked around the back of our undercover vehicle and walked directly up to the step right there at 1st and Madison Street.

Q. And were you able at that time to hear any conversation?

A. Right. As the informant pulled up uh the informant then stated he . . .

WILSON: Objection. May I have a continuing objection to anything the informant said. They're putting this in for the truth of it. I can't cross examine the tape if it exists. They've declined to call the informant. It's hearsay and I have a continuing objection to anything the informant has to say.

REED: Judge, like I said this is going to be a tape recording. What the informant said is going to be there.

WILSON: Well, it may not be admissible either.

THE COURT: Objection be noted and overruled.

Q. Continue please.

A. As the informant pulled up, the informant stated he had Cricket [Douglas] uh, Cricket wanted him to exit the vehicle. Again at that time I seen [sic] the informant uh, Carl Young actually exit the driver side of the vehicle. Circle around the back of the vehicle and walked fifteen twenty steps up to the step there at 1st and Mad . . . excuse 1st and Madison Street. (Coughing) excuse me.

Q. What did you see then?

A. I seen [sic] the Trevis Douglas suspect stand up actually I believe he was on the first step of the porch there. I seen [sic] the Trevis Douglas suspect extend his hand to the informant and I seen [sic] the informant take an item from the suspect. I seen [sic] the informant then hand

an item back to the Trevis Douglas suspect. Uh, during this, as this was being done. I hear [sic] the informant state that . . .

WILSON: Can I have a continuing objection. I'm not sure I stated that or the Court ruled on a continuing objection.

THE COURT: You did and I will continue to note your objection and overrule the same.

WILSON: Thank you.

A. As they're actually handing the items, particularly right before they hand the items, the informant states a thirty, then I hear then [sic] the suspect reply thirty back. Uh, they exchange the items at that time. Then the informant . . . there was some very little small talk like what's up. Uh, the whole conversation lasted less then [sic] ten seconds. Uh, the informant immediately turned back around and went back to the drug task force vehicle.

(R. 352–354).

 As we previously stated, a trial court has broad discretion in ruling on the admissibility of evidence, and on review, we will only disturb a trial court's ruling upon a showing of abuse of discretion. *Ealy v. State*, 685 N.E.2d 1047, 1050–51 (Ind.1997). When reviewing a trial court's decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the trial court's decision. *Id.* "Moreover, a claim of error in the admission or exclusion of evidence will not prevail on appeal 'unless a substantial right of the party is affected.' " *Kellett v. State*, 716 N.E.2d 975, 978 (Ind.Ct.App. 1999) (quoting Evid.R. 103(a)). In determining whether error in the introduction of evidence affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *McClain*

*v. State*, 675 N.E.2d 329, 331 (Ind.1996). Admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted. *Id.* at 331–32.

 Hearsay is a statement made out of court that is offered into evidence to prove the truth of the fact asserted in the statement itself. *Arndt v. State*, 642 N.E.2d 224, 227 (Ind.1994) (citing Evid.R. 801(c)).

Here, following Douglas' objection to Officer Williams testifying about what he heard the informant say over the Kel Set, the State urged the trial court that Officer Williams' testimony to such statements was background information and a video tape would subsequently corroborate what Officer Williams testified about. Specifically, the video tape showed that the informant did exit the vehicle, approached Douglas, and exchanged thirty dollars for a clear bag containing a white rock-like substance. Moreover, Officer Williams testified that he observed Douglas hand the informant an item and then saw the informant hand an item to Douglas in return. Officer Williams further testified that prior to the controlled drug buy, he searched the informant and the vehicle for drugs and found none; and after the controlled drug buy, Officer Williams again searched the vehicle and discovered a plastic bag containing a chunky white substance, later identified as cocaine. Therefore, Douglas' conviction is supported by evidence independent of the audio taped conversation Officer Williams testified about between the informant and Douglas. Thus, the admission of Officer Williams' hearsay statements do not amount to reversible error because the statements were merely cumulative of other evidence admitted.

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly admitted Offi-

cer Williams' testimony with respect to Douglas' statements to the officer following arrest, and the trial court properly admitted the Officer Williams' hearsay testimony about the statements he heard over audio equipment made by a confidential informant with respect to Douglas' arrest.

Affirmed.

ROBB and DARDEN, JJ., concur.