**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 26 2012, 8:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADRIEN NEWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1103-CR-254 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William E. Young, Judge
Cause No. 49G20-0609-FA-173208

**March 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Adrien Newson appeals his convictions for Class A felony Dealing in Cocaine,[1] Class C felony Possession of Cocaine and a Firearm,[2] and Class A misdemeanor Possession of Marijuana.[3] Newson raises numerous issues which we restate as follows:

I.    Whether the trial court erred in imposing convictions for both Class A felony dealing in cocaine and Class C felony possession of cocaine and a firearm;

II.   Whether the evidence is sufficient to sustain Newson's Class A felony dealing in cocaine conviction;

III.  Whether the trial court properly admitted Newson's statement to the investigating officer that he would not deny having dealt drugs into evidence; and

IV.  Whether Newson's sentence is appropriate.

Concluding that Class C felony possession of cocaine and a firearm is a lesser included offense of Class A felony dealing in cocaine, that the evidence is sufficient to sustain Newson's Class A felony dealing in cocaine conviction, that the trial court did not err in admitting Newson's statement to the investigating officer, and that Newson's sentence is appropriate, we affirm in part, reverse in part, and remand to the trial court with instructions for the trial court to vacate Newson's Class C felony possession of cocaine and a firearm conviction.

**FACTS AND PROCEDURAL HISTORY**

---

[1] Ind. Code § 35-48-4-1 (2006).
[2] Ind. Code § 35-48-4-6 (2006).
[3] Ind. Code § 35-48-4-11 (2006).

On September 12, 2006, Detective Clifton Jones of the Indianapolis Police Department went to a residence located at 3214 East New York Street in Indianapolis for the purpose of executing a narcotics search warrant. Newson's driving record indicated that he lived at this residence. Upon arriving at the residence, Detective Jones "knocked at the front door, announced, 'Police. Search warrant,' and waited for an answer at the front door." Tr. p. 15. "After a period of time when there was no answer," Detective Jones forced his way inside. Tr. pp. 15-16. Detective Jones observed Newson open a bedroom door, look out of the bedroom, and shut the bedroom door after seeing Detective Jones. Detective Jones approached the bedroom door and kicked it down. As Detective Jones entered the bedroom, he observed Newson throw a plastic object, which was later determined to be a plastic baggie containing 3.578 grams of cocaine, toward the nightstand.

Detective Jones removed Newson and a female companion from the bedroom and read them, as well as another female found in the residence, their *Miranda*[4] rights. After Detective Jones Mirandized Newson, Detective Jones and Newson engaged in a conversation in which Detective Jones notified Newson that he was the subject of a lengthy narcotics investigation, to which Newson replied, "I'm not denying that I haven't been dealing but Ms. Sanders has nothing to do with it." Tr. p. 25.

While Detective Jones spoke with Newson, the assisting detectives, including Detectives Robert Long, Deborah Forrest, and David McDaniel, executed the search of the home. The search of the bedroom in which Newson was found resulted in the detectives

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

finding two separate containers of cocaine totaling approximately seventeen grams, marijuana, and digital scales. It was later determined that the plastic baggie that Newson threw when Detective Jones entered the bedroom contained just over three grams of cocaine, and was found on the floor near the nightstand. What was later determined to be the approximately fourteen grams of additional cocaine was found on the nightstand in a Swisher Sweets cigar box. In addition, a "long rifle" was recovered from under a mattress in another bedroom. Tr. p. 37. Indianapolis Metropolitan Police Detective David Miller testified that the items found in Newson's home, including the approximately seventeen grams of cocaine, the scales, and the firearm, were consistent with dealing in cocaine. When questioned about the cocaine found in the bedroom, Newson again told Detective Jones that Ms. Sanders "had nothing to do with it" and that the cocaine found inside the bedroom "was his." Tr. p. 100.

On September 13, 2006, the State charged Newson with one count of Class A felony dealing in cocaine, one count of Class C felony possession of cocaine, one count of Class C felony possession of cocaine and a firearm, and one count of Class A misdemeanor possession of marijuana. On March 14, 2008, Newson waived his right to a trial by jury. The trial court conducted a bench trial on April 11, 2008, during which the trial court admitted Newson's statement to Detective Jones that he was not "denying that [he] ha[d]'t been dealing" over Newson's objection. Tr. p. 25. Following the conclusion of trial, the trial court found Newson guilty as charged.

On May 1, 2008, the trial court vacated Newson's Class C felony possession of cocaine conviction after determining that it was a lesser included offense of Class A felony

4

dealing in cocaine. The trial court sentenced Newson to twenty years for his conviction for Class A felony dealing in cocaine, two years for his Class C felony possession of cocaine and a firearm conviction, and fifty days for his Class A misdemeanor possession of marijuana conviction. The trial court ordered that each sentence be served concurrently to the others, for an aggregate twenty-year term of imprisonment.

Newson filed a motion to correct error on May 12, 2008. The trial court subsequently denied Newson's motion to correct error on May 13, 2008. On February 23, 2011, Newson requested permission to file a belated appeal. The trial court granted Newson's request, and this belated appeal follows.

## DISCUSSION AND DECISION

### I. Whether Newson's Convictions for Class A Felony Dealing in Cocaine and Class C Felony Possession of Cocaine and a Firearm Violate the Prohibitions Against Double Jeopardy

Newson contends that his convictions for Class A felony dealing in cocaine and Class C felony possession of cocaine and a firearm violate the constitutional prohibitions against double jeopardy. In making this contention, Newson relies upon the Indiana Supreme Court's opinion in *Hardister v. State*, 849 N.E.2d 563 (2006).[5] The State concedes that under *Hardister*, Newson's Class C felony possession of cocaine and a firearm conviction cannot stand because it is a lesser included of his Class A felony dealing in cocaine conviction. We

---

[5] We note that while the Indiana Supreme Court did in fact hold that the defendant's conviction for Class C felony possession of cocaine could not stand because it was a lesser included offense of the defendant's conviction for Class A felony dealing in cocaine, it did so on statutory construction grounds. *Hardister*, 849 N.E.2d at 575. Thus, because Newson relies on *Hardister* in making his appellate argument on this ground, we will address Newson's claim on statutory construction grounds.

5

agree. *See id*. at 575 (holding that Class C felony possession of cocaine and a firearm is a lesser included offense of Class A felony dealing in cocaine). As a result, we conclude that while Newson's conviction for Class A felony dealing in cocaine remains, his conviction for Class C felony possession of cocaine and a firearm must be vacated. *See id*.

### II. Whether the Evidence is Sufficient to Sustain Newson's Class A Felony Dealing in Cocaine Conviction[6]

Newson also contends that the evidence is insufficient to sustain his conviction for Class A felony dealing in cocaine.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction.… The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "[I]t is for the trier of fact to reject a defendant's version of what happened, to determine all inferences arising from the evidence, and to decide which witnesses to believe." *Holeton v. State*, 853 N.E.2d 539, 541 (Ind. Ct. App. 2006). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

Indiana Code section 35-48-4-1 provides that "[a] person who … knowingly or

---

[6] Having concluded that Newson's Class C felony possession of cocaine and a firearm conviction should be vacated, we need not consider whether the evidence is sufficient to sustain Newson's Class C felony possession of cocaine and a firearm conviction.

intentionally … possesses, with intent to … deliver … cocaine … commits dealing in cocaine." Indiana Code section 35-48-4-1 further provides that "The offense is a Class A felony if: (1) the amount of the drug involved weighs three (3) grams or more."

## A. Possession of Cocaine

Newson first argues that the evidence is insufficient to sustain his conviction for Class A felony dealing in cocaine because the State failed to prove that he possessed the cocaine found in the Swisher Sweets cigar box. We must disagree. The State presented evidence that, after being Mirandized, Newson told Detective Jones that the cocaine found in the bedroom "was his." Tr. p. 100. The cocaine found in the Swisher Sweets cigar box was found on the nightstand in the bedroom in question. Thus, we must conclude that the trial court, acting as the trier of fact, could reasonably infer that Newson's admission included the cocaine found in the Swisher Sweets cigar box.

Furthermore, we note that Newson does not challenge the sufficiency of the evidence to sustain the determination that he possessed the 3.578 grams of cocaine that was found in the baggie that he threw when Detective Jones entered the bedroom. Again, Indiana Code section 35-48-4-1 provides that an individual may be convicted of Class A felony dealing in cocaine if they possess cocaine in an amount of three grams or more. Thus, we must conclude that the uncontested evidence that Newson possessed 3.578 grams of cocaine is sufficient to satisfy the possession requirement set forth in Indiana Code section 35-48-4-1 regardless of whether the State sufficiently proved that he possessed the approximately fourteen grams of cocaine found in the Swisher Sweets cigar box.

7

**B. Intent to Deliver**

Newson also argues that the State failed to prove that he possessed the cocaine with the intent to deliver. In making this argument, Newson relies on his unsuccessful claim that the State failed to prove that he possessed all of the approximately seventeen grams of cocaine found in the bedroom and claims that he possessed the rifle found under the mattress in another bedroom of the home. Thus, Newson claims that the State failed to prove that he intended to deliver the cocaine because his possession of the 3.578 grams of cocaine and the scales is consistent with personal use.

> Circumstantial evidence showing possession with intent to deliver may support a conviction. Possessing a large amount of a narcotic substance is circumstantial evidence of intent to deliver. The more narcotics a person possesses, the stronger the inference that he intended to deliver it and not consume it personally. *Love v. State*, 741 N.E.2d 789, 792 (Ind. Ct. App. 2001) *quoting Berry v. State*, 574 N.E.2d 960, 963 (Ind. Ct. App. 1991) (citations omitted), *trans. denied*.

*Davis v. State*, 791 N.E.2d 266, 270 (Ind. Ct. App. 2003).

Here, the record demonstrates that Newson possessed approximately seventeen grams of cocaine, 3.578 grams of which was packaged in the corner of a plastic baggie. Detective Miller testified that the possession of approximately seventeen grams of cocaine and the packaging of the 3.578 grams is consistent with dealing. The record also demonstrates that Newson possessed scales and that a rifle[7] was found under a mattress in Newson's home.

---

[7] We note that we need not consider whether the evidence is sufficient to prove that Newson actually possessed the rifle, but rather conclude that its presence in his home is circumstantial evidence that may be considered along with the large quantity of cocaine and the scales found in Newson's home, to support the inference that Newson intended to deliver the cocaine.

Detective Miller further testified that the presence of scales and a firearm is consistent with dealing.

In *Davis*, this court concluded that the possession of 5.6225 grams of cocaine was consistent with the amount possessed by a dealer, rather than for strictly personal use. *Id*. Here, Newson possessed nearly three times that possessed by the defendant in *Davis*. As such, we conclude that the possession of seventeen grams of cocaine, 3.578 grams of which was packaged in a manner consistent with dealing, is circumstantial evidence of the intent to deliver sufficient to support an inference that Newson intended to deliver the cocaine rather than use it for personal consumption. *See id*. We further conclude that this evidence, when considered with Newson's possession of the scales and the presence of a firearm in Newson's residence, is sufficient to support the inference that Newson possessed the cocaine with the intent to deliver.

### III. Whether the Trial Court Properly Admitted Newson's Statement to Detective Jones that He Would Not Deny Having Dealt Drugs

Newson next contends that the trial court abused its discretion in admitting his statement to Detective Jones that "I'm not denying that I haven't been dealing but Ms. Sanders has nothing to do with it." Tr. p. 25. Upon review, we accord the trial court broad discretion in determining the admissibility of evidence and will not reverse its determination absent an abuse of that discretion. *Bacher v. State*, 686 N.E.2d 791, 795 (Ind. 1997). "Absent a requisite showing of abuse, the trial court's decision will not be disturbed." *Douglas v. State*, 746 N.E.2d 424, 426 (Ind. Ct. App. 2001), *trans. denied*. Moreover, even where we find error in the admission of evidence, we disregard it as

9

harmless error unless it affects the substantial rights of a party. Ind. Trial Rule 61; *Hardin v. State*, 611 N.E.2d 123, 131 (Ind. 1993). An error will be found harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of a party. *Fleener v. State*, 656 N.E.2d 1140, 1142 (Ind. 1995).

*Bacher*, 686 N.E.2d 791, 795.

Newson argues that the trial court abused its discretion in admitting his statement to Detective Jones because it tended to prove that, in light of his admitted past drug sales, he had the propensity to sell the cocaine in question in the instant appeal. Generally, Indiana Rule of Evidence 404(b) allows evidence of prior misconduct to be introduced "unless such evidence is used to imply the defendant is of bad character or to infer the charged crime was committed in conformity with that character." *Douglas*, 746 N.E.2d at 426. Indiana Evidence Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In *Douglas*, the defendant objected to the admission of the investigating officer's testimony regarding his statement to the investigating officer that he sold small amounts of cocaine in attempts to support his family. 746 N.E.2d at 426. This statement was made during a conversation between the defendant and the investigating officer after the defendant was Mirandized. *Id.* The defendant claimed that his statement to the investigating officer

10

was inadmissible because "such statements were not an admission by [defendant] concerning the present charge, but were inadmissible statements concerning other offenses not charged." *Id*. The trial court disagreed and admitted the investigating officer's testimony regarding the statement over defendant's objection. *Id*.

On appeal, we concluded that the trial court acted within its discretion in admitting the investigating officer's testimony regarding the statement made by the defendant. *Id*. After Mirandizing the defendant, the investigating officer informed the defendant that he was being charged with dealing in cocaine for a purchase made one month prior. *Id*. Defendant then admitted that he had sold small amounts of cocaine. *Id*. We concluded that, based on this evidence, the State did not introduce the investigating officer's testimony about the defendant's statements about other cocaine dealings to show that he acted in conformity therewith, but rather to show defendant's intent and motive for dealing cocaine on the present occasion. *Id*. at 426-27. Thus, we further concluded that this was not evidence of other crimes, but rather, defendant's response to the investigating officer's questioning with respect to the present offense. *Id*. at 427.

In the instant matter, after Mirandizing Newson, Detective Jones informed Newson that he was the subject of a lengthy narcotics investigation, to which Newson replied, "I'm not denying that I haven't been dealing but Ms. Sanders has nothing to do with it." Tr. p. 25. On appeal, Newson claims that his statement was made in the past tense, reflecting that he would not deny that he had "been dealing in the past." Tr. p. 43. Thus, Newson argues that its introduction into evidence must have been made for the purpose of showing prior bad acts

11

that would prove only that he had the propensity to deal cocaine.

However, regardless of the tense used by Newson in making this statement to Detective Jones, we believe that like in *Douglas*, Detective Jones's testimony regarding Newson's statement was offered as testimony relating to Newson's intent to sell cocaine. *See id.* at 426-27. After Mirandizing Newson, Detective Jones informed Newson that he was the subject of a lengthy narcotics investigation at which time Newson indicated that he would not deny that he had been dealing. Rather than indicating past wrongs by Newson, we conclude that this statement is evidence that would support the reasonable inference that he intended to sell the approximately seventeen grams of cocaine found in his home. *See id.* at 426-27.

Moreover, even if Newson's statement had been admitted to show that he had the propensity to commit the act of dealing in cocaine, we further conclude that such error was harmless, as it did not affect Newson's substantial rights. In light of the evidence demonstrating that the detectives recovered approximately seventeen grams of cocaine, 3.578 grams of which was packaged in a manner consistent with sale, digital scales, and a rifle from Newson's residence considered with Detective Miller's testimony that such evidence was consistent with dealing in cocaine, we conclude that Newson's statement to Detective Jones was merely cumulative of other evidence that he intended to sell the approximately seventeen grams of cocaine. As such, the admission of Newson's statement, if an abuse of the trial court's discretion, was harmless. *See Bacher*, 686 N.E.2d 791, 795.

### IV. Whether Newson's Sentence is Appropriate

In challenging the appropriateness of his sentence, Newson acknowledges that he

12

received the minimum sentence for a Class A felony conviction and that his sentence was nonsuspendible because of a prior unrelated felony conviction. Newson, however, argues that his placement at the Department of Correction ("DOC") for the entirety of his sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). We cannot, however, agree that the trial court's order that Newson serve his entire twenty-year sentence is the DOC is inappropriate.

The location where a sentence is to be served is an appropriate focus for our review and revise authority. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). Nevertheless, it is quite difficult for a defendant to prevail on a claim that his sentence placement is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007).

> As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a trial court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. Additionally, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

*Id.* at 343-44.

Newson does not argue that the placement of his sentence in inappropriate in light of

13

the nature of his offense, but only that it is inappropriate in light of his character. With respect to his character, Newson argues that the placement of his full twenty-year sentence in DOC is inappropriate because he has a relatively minor criminal history. Newson's criminal history includes a juvenile adjudication for criminal trespass, and a felony conviction for Class C felony possession of cocaine. In addition, a charge of Class A misdemeanor driving while license suspended was pending at the time of sentencing. Newson has twice successfully completed probation. As such, Newson claims he makes a good candidate for work release and home detention.

Like the trial court, we acknowledge that Newson does not have a substantial criminal history, but note that his criminal actions appear to be escalating in nature. Both Newson's unrelated prior felony conviction and his instant Class A felony conviction involve the possession of cocaine, here, with the intent to deliver. As such, we conclude that the trial court's order that Newson serve his entire twenty-year sentence in the DOC is not inappropriate.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

VAIDIK, J., and CRONE, J., concur.